UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 06-42-DCR |
| ) | |
| V. ) | |
| ) | |
| WOODSON SIZEMORE, JR., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Woodson Sizemore, Jr., has submitted a letter requesting a number of materials which, he claims, are necessary to collaterally attack the judgment entered in his case nearly three years ago. [Record Nos. 37 & 40]. In support, Sizemore asserts that he remains a federal prisoner and was previously designated as indigent.

Sizemore provides no statutory basis for his request; however, the Court notes that 28 U.S.C. § 753(f) and 28 U.S.C. § 2250 define the government's responsibility to provide transcripts or other court documents to inmates. *See United States v. Gains*, 1992 WL 38157, at \*1 (E.D. Pa. Feb. 20, 1992). Under § 753(f), the Government must furnish transcripts where a prisoner has authorization to proceed *in forma pauperis*, the court finds that the § 2255 action is non-frivolous, and the court actually needs the transcript to rule on an issue. *See* 28 U.S.C. § 753(f).

Sizemore's request for materials includes a request for a copy of the transcript of his plea hearing as well as a request for a copy of his sentencing hearing. Sizemore entered a guilty plea on October 24, 2006, and was sentenced on February 12, 2007. [Record Nos. 30 & 34] However, a review of the record indicates that transcriptions of this hearings have not been filed by the Court Reporter. Therefore, the transcripts that he requests are not available at this time. Further, the Court cannot conclude that Sizemore has established an entitlement to the transcripts under 28 U.S.C. 753(f).

With respect to Sizemore's request for copies of certain enumerated pleadings (Docket Sheet, Indictment, Plea Agreement, and Judgment) 28 U.S.C. § 2250 provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250. However, to be entitled to request documents under this section or under 28 U.S.C. 753(f), Sizemore must have a § 2255 application **pending.** *See United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278 278-79 (5th Cir. 1970); *United States v. Agbomire*, 239 F.App'x 929, 929-30 (5th Cir. 2007); *United States v. Lewis*, 1994 Wl 563442, at *1-2 (10th Cir. Oct. 14, 1994); *Corrigan v. Thomas*, 55 F.App'x 754, 756 (6th Cir. 2003) ("Finally, federal prisons are not entitled to obtain a transcript . . . at government expense under [§ 753(f)] for the purpose of preparing a motion to vacate where there was no motion to vacate sentence pending.") (citing *Ketcherside v.*

*United States*, 317 F.2d 807, 808 (6th Cir. 1963); *see also United States v. Hoskins*, 85 F.Supp. 313, 313-14 (E.D. Ky. 1949).

Because Sizemore has not filed a § 2255 motion, the posture of this case precludes the application of § 2250 or § 753(f).  And *even if* a § 2255 application were pending, any subsequent motion for court documents would have to include a "showing of need."  *See United States v. Nelson*, 1991 WL 59411, at * (10th Cir. April 16, 1991); *see also Irby v. Swenson*, 361 F.Supp. 167, 167 (D.C. Mo. 1973); *Wiggins v. United States*, 1005 WL 1362234, at *2 (S.D. Miss. June 3, 2005); *Althouse v. Cockrell*, 2004 WL 377049, at *2 (N.D. Tex. Feb. 13, 2004).  The Court also notes that a broad, unspecific contention that record access may enable Sizemore "to find grounds to pick [a] theory" is insufficient to constitute a showing of need.  *See, e.g., Walker*, 424 F.2d at 279 ("A federal prisoner is not entitled to obtain copies of court records at government expense for the purpose of searching the record for possible error.").  Accordingly, it is hereby

**ORDERED** that Defendant Woodson Sizemore's request for documents and transcripts [Record No. 40] is **DENIED**.

This 28th day of January, 2010.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge